## HASTINGS *vs.* HODGES and PARKER.

Each party has a right to an appeal from a judgment rendered in a County Court, to the next stated or adjourned term of the Supreme Court; and if one party first enter an appeal to the next stated term of the Supreme Court, the opposite party may, notwithstanding, enter an appeal to the next adjourned term of the Supreme Court, and such appeal will be sustained.

*Rutland,*
*June adj'd*
*term, 1797.*

THIS action was brought to this Court by appeal from a judgment rendered by the County Court in March last, entered by the plaintiff to the present adjourned term of this Court.

The defendant moved that the action be dismissed, for that at said County Court, after judgment for the plaintiff in said action, the defendants moved for and were admitted to an appeal to the next stated term of the Supreme Court, to be holden at Rutland on the first Tuesday after the fourth Tuesday of January next. After which the plaintiff moved for and was admitted to an appeal to the present adjourned term of this Court.

It was insisted on the part of the defendant, that although either party may appeal from a judgment rendered by a County Court, to the next stated or adjourned term of the Supreme Court at his op-

tion, yet if one party first enter an appeal to the next stated term of <span style="font-style:italic">Rutland, June adj'd term, 1797.</span> the Supreme Court, for instance, if the other party would also enter an appeal, he must enter it to the stated term also. That the right of option had attached to the party first appealing, and an appeal ought not to be allowed to the other party to the prejudice of that right, which would be the case if the last appeal might be taken to a different term.

<span style="text-align:right; display:block">Hastings <br> vs. <br> Hodges & Parker.</span>

The defendant's counsel also insisted, that an appeal granted to either party, removes the cause from the County Court, so that that Court have no further power over it—not even to grant an appeal to the other party.

On the part of the plaintiff it was contended, that the right of appeal is given to both parties. That there can be no real interference of rights, if both parties enter an appeal, one to the stated term and the other to an adjourned term. Both appeals are to the same tribunal; and the principle thing intended by giving the right of appeal is, that either party aggrieved at a judgment of the County Court may have a right to a trial before the Supreme Court.

The practice once settled, would occasion no surprise to either party—each would know the other's right of appeal, and would take notice of the exercise of that right.

HALL, J. thought that the appeal could not be sustained in this case.

CHIPMAN, Ch. J. It is not questioned that each party has a right to an appeal as the law stands. It was indeed suggested by one of the counsel for the defendant, that by the granting an appeal to either party, by the County Court, the cause is removed, so that the Court can have no further power over it—not even to grant an appeal to the other party. The power of the Court to proceed further in the cause is indeed suspended by the appeal. They cannot grant execution on the judgment, but the cause is not removed—it remains with the Court during the term.

The right of appeal is not confined to the party against whom judgment is rendered by the County Court. The plaintiff, for instance, may have recovered a smaller sum than in justice he ought to recover. This may have been occasioned by the illegal admission or exclusion of evidence, upon which it would be proper that

*Rutland,*
June adj'd
term, 1797.

Hastings
*vs*
Hodges &
Parker.

he should have the decision of the Supreme Court. It might be for the interest of a defendant to abide by a judgment rendered against him in the County Court; if in such case by taking the first appeal, he can preclude the plaintiff from an appeal, he will leave him no remedy, and drive him to an affirmance of the judgment, or to an action on the recognizance, to recover the amount of the judgment only.

But it is said that if both parties have the right of appeal, which they may exercise in the same cause, yet as he who first appeals gains a prior right, if the other appeal, he must follow that by appealing to the same term of the Supreme Court; that the first appellant has made his election and the other must follow it. This is simply a question of time, which has no relation to the right of justice in the trial. I see nothing of substance in such prior right acquired. If both parties enter an appeal, but one can prosecute to trial: there can be but one record in the case. If one enter and prosecute his appeal in the Supreme Court, the other is discharged from his bond to prosecute If the appellant to the adjourned term fail to prosecute his appeal, the appellant to the stated term may prosecute his appeal; but if the appellant to the adjourned term prosecute, the other is discharged from his appeal, and only relieved from the expense of leading the prosecution, without losing one advantage on the merits or in the mode of trial.

The simple question seems to be, whether the party who after a trial in the County Court, first starts his claim of appeal, shall have a right to postpone the prosecution at his option.

This Court will be inclined to favour prompt justice, yet so that each party shall have a reasonable time to prepare for trial. As to a surprise, if the right become settled, there can be no more danger of a surprise from the second than from the first appeal. Each having the right of appeal the other will be attentive to the exercise of that right. Should there appear to have been a surprise through any secret or unfair practice, it will be in the power of the Court to prevent any injustice on that account. I am therefore of opinion that the appeal in this case ought to be sustained.

Woodbridge, J., concurred, and the cause was on motion continued.